ELECTRONICALLY FILED
Dec 15 2022
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HEIMO RIEDEL,**

    **Plaintiff,**

v.                                                       Civil Action No. 1:22-CV-155 (Kleeh)

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, for and on behalf of
WEST VIRGINIA UNIVERSITY, and
MICHAEL SCHALLER, Ph.D., Individually,**

    **Defendants.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants, West Virginia University Board of Governors ("WVUBOG") and Michael Schaller, Ph.D., hereby jointly remove this civil action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia. As grounds for removal, Defendants state as follows:

### I.    NATURE OF REMOVED ACTION

1. The removed case is a civil action initially filed on October 29, 2019, in the Circuit Court of Monongalia County, West Virginia, assigned Civil Action No. 19-C-190 and captioned as *Heimo Riedel v. West Virginia University Board of Governors for and on behalf of West Virginia University*. In accordance with 28 U.S.C. §1446(a), a complete copy of the court file in Civil Action 19-C-190, is attached hereto as **Exhibit A**. No other summonses, processes, pleadings, or orders have been served on Defendants as of this date.

2. By Order dated November 7, 2022, the Circuit Court of Monongalia County, West Virginia, entered an Order in Civil Action No. 19-C-190, which, in part, granted Plaintiff leave to file a Second Amended Complaint.

3. On December 6, 2022, Plaintiff filed and served his Second Amended Complaint. A copy of the Second Amended Complaint is attached hereto as **Exhibit B**. Within his Second Amended Complaint, Plaintiff asserts, for the first time, a federal claim for deprivation of constitutional rights under color of state law – U.S.C. § 1983 (Count V). Second Am. Compl. ¶¶ 95-120.

## II.   TIMELINESS OF REMOVAL

4. Under the procedure for removal set out in 28 U.S.C. § 1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this Title [28 U.S.C. § 1332] more than one year after commencement of the action."

5. Plaintiff first advanced his claim under 42 U.S.C. § 1983 in his Second Amended Complaint.

6. Service of the Second Amended Complaint was effectuated on WVUBOG and Michael Schaller, Ph.D., on December 6, 2022, by service upon their counsel.

7. Thus, notice of removal is timely.

### III.   VENUE

8.   Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Monongalia County, West Virginia, is located within the Northern District of West Virginia, Clarksburg Division.

### IV.   BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

9.   In Count V of his Second Amended Complaint, Plaintiff advances a federal claim for deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. § 1983. *See* Second Am. Compl. at ¶¶ 95-120.  Specifically, Plaintiff alleges that the actions of Defendants deprived him of his property and liberty interests in his tenured employment, and further deprived him of due process under the Fourteenth Amendment to the United States Constitution. *Id*. at ¶ 113.

10.   Pursuant to 28 U.S.C. § 1331, which provides that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this Court has original jurisdiction over Plaintiff's claims in Count V of the Second Amended Complaint.  Indeed, federal jurisdiction exists where, as here, a federal question is presented "on the fact of the plaintiff's properly pleaded complaint." *Caterpillar*, *Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11.   Since Plaintiff's cause of action in Count V of his Second Amended Complaint arises expressly under federal law, *i.e.*, 42 U.S.C. § 1983, this Court has original jurisdiction over such claim.

### V. SUPPLEMENTAL JURISDICTION

12.   Plaintiff's Second Amended Complaint alleges five additional counts that arise under state law.

13. In Count I of his Second Amended Complaint, Plaintiff advances a claim for violation of due process rights under the West Virginia Constitution. *See* Second Am. Compl. ¶¶ 37-54.

14. In Count II of his Second Amended Complaint, Plaintiff advances a claim under West Virginia Code § 55-7-9. *See* Second Am. Compl. ¶¶55-79.

15. In Count III of his Second Amended Complaint, the Plaintiff advances a claim under the West Virginia Human Rights Act ("WVHRA"), W.Va. Code §5-11-1, *et seq*. *See* Second Am. Compl. ¶¶ 80-87.

16. In Count IV of his Second Amended Complaint, Plaintiff advances a claim for abuse of process. *See* Second Am. Compl. ¶¶88-94.

17. In Count VI of his Second Amended Complaint, Plaintiff advances a claim for common law negligence. *See* Second Am. Compl. ¶¶121-130.

18. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's state law claims in Counts I, II, III, IV, and VI because such claims are related to his claim in Count V over which the Court has original jurisdiction. Indeed, all of Plaintiff's claims concern alleged treatment he claims to have experienced during the course of his employment and related to his alleged termination; thus, such claims form part of the same case in controversy.

19. Pursuant to 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction over the state law claim only if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

20. Here, Plaintiff's WVHRA claim does not present a complex or novel issue of state law and is premised upon the exact same operative factual allegations that form the basis of his predominate claim under 42 U.S.C. § 1983. Moreover, it is well established that West Virginia federal courts should resolve WVHRA claims consistent with the Title VII framework. *Gilbert v. Penn-Wheeling Closure Corp.*, 917 F. Supp. 1119 (N.D. W. Va. 1996).

21. Further, each of Plaintiff's state law claims arise from the same set of facts as the Plaintiff's federal claim under 42 U.S.C. § 1983, and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367. With respect to his claim under 42 U.S.C. § 1983, Plaintiff alleges that Defendants' actions "deprived him of his property and liberty interests in his tenured employment, and further deprived him of due process under the 14th Amendment to the United States Constitution, in that no impartial pre-termination hearing was held on the merits of the termination; no post-termination hearing was held on the merits of the termination; the assignments themselves were specifically created for the purpose of setting the Plaintiff up for failure and were either impossible to perform, duplicative of other simultaneously-occurring course(s), or academically untenable …" Second Am. Compl. ¶113. Similarly, with respect to his state law claims, Plaintiff avers that his alleged termination was in bad faith, in retaliation for his prior filing of numerous grievances, and accomplished in a way that misused the termination for cause provisions of the Faculty Rules. In sum, Plaintiff's state law claims arise from his employment with WVUBOG and his alleged termination therefrom and, thus, form part of the same case or controversy as his federal claim under 42 U.S.C. § 1983.

22. Therefore, this Court has supplemental jurisdiction over Plaintiff's claims.

### IX. OTHER REMOVAL REQUIREMENTS

23. In compliance with 28 U.S.C. § 1446(b)(2)(A), all Defendants join in the removal of this action.

24. In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Monongalia County, West Virginia, and served upon all adverse parties. A copy of such notice is attached hereto as **Exhibit C**.

WHEREFORE, Defendants, West Virginia University Board of Governors and Michael Schaller, Ph.D., hereby jointly remove this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 15th day of December 2022.

*/s/ Lindsay M. Gainer*
Julie A. Moore (WV Bar No. 11315)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, WV  26505
T: 304-285-2524
F: 304-285-2575
jamoore@bowlesrice.com

Lindsay M. Gainer (WV Bar No. 12046)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, WV  25325
T: 304-347-1128
lgainer@bowlesrice.com

*Counsel for Defendants West Virginia University Board of Governors and Michael Schaller, Ph.D.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HEIMO RIEDEL,**

    **Plaintiff,**

v.                                                                     Civil Action No. 1:22-CV-155 (Kleeh)

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS, for and on behalf of**
**WEST VIRGINIA UNIVERSITY, and**
**MICHAEL SCHALLER, Ph.D., Individually,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of December, 2022, I electronically filed the foregoing "***Notice of Removal***" with the Clerk of the Court using the CM/ECF system.  In addition, I have mailed complete copies of these filings to counsel for Plaintiff via First Class U.S. Mail as follows:

David M. Grunau, Esq.
244 Pleasant Street
Morgantown, West Virginia 26505
*Counsel for Plaintiff*

                                                    */s/ Lindsay M. Gainer*
                                                    Julie A. Moore (WV Bar No. 11315)
                                                    Bowles Rice LLP
                                                    125 Granville Square, Suite 400
                                                    Morgantown, WV  26505
                                                    T: 304-285-2524
                                                    jamoore@bowlesrice.com

                                                    Lindsay M. Gainer (WV Bar No. 12046)
                                                    Bowles Rice LLP
                                                    600 Quarrier Street
                                                    Post Office Box 1386
                                                    Charleston, WV  25325
                                                    T: 304-347-1128
                                                    lgainer@bowlesrice.com

                                                   *Counsel for Defendants West Virginia*
                                                   *University Board of Governors and Michael*
                                                   *Schaller, Ph.D.*

15296027.1