IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HEIMO RIEDEL,**

    **Plaintiff,**

v.                                                               Civil Action No. 1:22-CV-155 (Kleeh)

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS, for and on behalf of**
**WEST VIRGINIA UNIVERSITY, and**
**MICHAEL SCHALLER, Ph.D., Individually,**
    **Defendants.**

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT

AND NOW, the Defendants, the West Virginia University Board of Governors ("WVUBOG") and Michael Schaller ("Dr. Schaller") (collectively referred to herein as the "Defendants"), by and through their undersigned counsel, respectfully submit to this Honorable Court, new supplemental legal authority in support of the Defendants' previously-filed Motion to Enforce Settlement in this case [ECF No. 50].

On October 29, 2024, the Defendants filed a Motion to Enforce Settlement with this Court setting forth the relevant factual and procedural history related to the Motion, as well as legal argument as to why the Motion should be granted. Since that filing – in fact, in an opinion which was issued basically contemporaneously with the Defendants' prior Motion filing in this matter – the West Virginia Intermediate Court of Appeals rendered a Memorandum decision interpreting West Virginia state law on the same issue in a case with virtually identical settlement circumstances as the instant one before the Court.

In *McDowell v. Allstate Vehicle & Property Ins. Co.*, No 23-ICA-406, October 28, 2024, the parties reached a settlement as a result of a mediation process, with the mediator sending an

email to the parties confirming the settlement reached and setting forth in that message the "basic material terms of the settlement." Those "basic terms" as memorialized by the mediator in his email included, *inter alia*, the sum of the settlement, that the matter would be dismissed with prejudice, that a full release would be executed, and that the parties would consummate a full settlement agreement document. At the end of the email, the mediator advised the parties that if they concurred that the settlement was reached and included those "basic terms," to reply to all in the message and that an agreement would be considered formally reached.

When there was later some uncertainty thereafter as to whether both parties fully consented to the mediator's recitation of the "basic material terms of the settlement," the Defendant in the case – Allstate – filed a Motion to Enforce Settlement, arguing that the emails the parties exchanged with the mediator, and with each other in the aftermath of receiving the email from the mediator, established a binding settlement of the case. The Plaintiff in the suit disagreed and opposed the Motion, but the Circuit Court of Fayette County, West Virginia held a hearing where it received argument and proffer from counsel and reviewed the release language, and concluded that there was a meeting of the minds of the parties regarding the terms of the settlement, and granted Defendant Allstate's Motion to Enforce.

On appeal, the West Virginia Intermediate Court of Appeals recognized that a settlement can be reached between parties through communications by counsel even when a party does not actually sign a settlement agreement. *Id.*, pg. 6 (*citing, Donahue v. Mammoth Restoration and Cleaning*, 874 S.E.2d 1, 7-8 (2022)). It concluded that the emails among the mediator and counsel in the case, which included all the material terms of the alleged settlement, such as the amount of the settlement and need for confidentiality, was sufficient to create a binding settlement agreement. *Id.* The West Virginia Intermediate Court of Appeals also concluded that further exchanges

fleshing out the details of the settlement agreement does not preclude finding a prior meeting of the minds. *Id.*

In so concluding, the West Virginia Intermediate Court of Appeals indicated that no particular form of agreement or written document is required for a valid compromise, and that a settlement agreement exists under fundamental principles of West Virginia contract law as soon as an offer, acceptance, and consideration are exchanged regardless of whether the agreement is subsequently formalized in writing. To support this proposition, it cited, in part, an opinion of this Court. *U.S. ex rel McDermitt, Inc. v. Centex-Simpson Const., Inc.*, 34 F.Supp.2d. 397, 399 (N.D. W. Va. 1999). The West Virginia Court of Appeals also cited longstanding West Virginia law for the propositions that attorneys for parties are presumed to have authority to enter into binding settlements on behalf of their clients and that any question as to an attorney's lack of authority must be raised immediately. *Messer v. Huntington Anesthesia Group, Inc.*, 664 S.E.2d 751, 759 (2008) (per curiam); *Miranosky v. Parson*, 161 S.E.2d 665, 667 (1968).[1]

The *McDowell* case is extraordinarily on point and persuasive in the instant matter, given the extensive overlap between the facts in it and in the case before the Court. It also is highly consistent with the prior authority cited by the Defendants in its Motion to Enforce Settlement [ECF No. 50]. Here, just like in *McDowell*, and as set forth in the Defendants' Motion, the parties reached an understanding through arms-length mediation that resulted in the mediator sending an email to the parties' respective lawyers memorializing the basic terms of the settlement, including that a more detailed full settlement agreement and release would be thereafter prepared memorializing both the aforementioned core terms from the email as well as other ancillary terms

---

[1] To the undersigned's knowledge, the McDowell opinion of the West Virginia Intermediate Court of Appeals has not been further appealed to the West Virginia Supreme Court.

of the resolution, and asking for a reply to affirm their respective consent to those core terms. Even more so, however, the attorneys for both parties in the case before this Court actually did respond and provide their assent to the mediator's terms, making it even stronger of a case to justify enforcement of the settlement than the agreement which was enforced in *McDowell*.

Undeniably, and as set forth more fully in the Defendants' prior Motion, a sufficient meeting of the minds as to those terms under West Virginia contract law – the law this Court must apply when adjudicating the Defendants' Motion to Enforce Settlement – was reached at that point. *See, Levine v. Rockwool, Int'l A/S*, 888 S.E.2d 903, 907 (2023) (recognizing that a settlement agreement can be reached via communications between counsel, even when a party hasn't signed a written settlement agreement). Any second thoughts the Plaintiff may have in the instant suit as to the wisdom of the settlement previously reached is not good cause to set it aside. *See, e.g., Moreland v. Suttmiller*, 397 S.E.2d 910, 914 (1990) (per curiam).

In light of the foregoing supplemental authority, and further in consideration of the reasons and authority set forth in the Defendants' Motion to Enforce Settlement [ECF No. 50], the Defendants respectfully reiterate their prior request for entry of an Order granting their Motion to Enforce Settlement and requiring Plaintiff to execute the Settlement Agreement and Release previously proffered, along with an award of their attorney fees and costs in pursuit of this Motion.

Dated this 4th day of February, 2025.

/s/ *Mario R. Bordogna*
Mario R. Bordogna (WV Bar No. 9491)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, WV 26505
T: 304-285-2500
Mario.Bordogna@bowlesrice.com

Lindsay M. Gainer (WV Bar No. 12046)
Bowles Rice LLP
Charleston, WV 25325
T: 304-347-1128
lgainer@bowlesrice.com

*Counsel for Defendants West Virginia University Board of Governors and Michael Schaller, Ph.D.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HEIMO RIEDEL,**

      **Plaintiff,**

v.                                                      Civil Action No. 1:22-CV-155 (Kleeh)

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS, for and on behalf of**
**WEST VIRGINIA UNIVERSITY, and**
**MICHAEL SCHALLER, Ph.D., Individually,**
      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2025 served the foregoing "***Defendants' Notice of Supplemental Authority in Support of Motion to Enforce Settlement***" by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

David M. Grunau, Esq.
244 Pleasant Street
Morgantown, West Virginia 26505
*Counsel for Plaintiff*

                                        */s/ Mario R. Bordogna*
                                        Mario R. Bordogna (WV Bar No. 9491)