Gmail

**H R <hriedel00@gmail.com>**

## Fwd: Riedel/WVU - Settlement Agreement

**Grunau Law** <grunaulaw@gmail.com>  
PM To: H R <hriedel00@gmail.com>

Tue, Feb 18, 2025 at 5:36

---------- Forwarded message ---------  
From: **Mario Bordogna** <Mario.Bordogna@bowlesrice.com>  
Date: Tue, Feb 18, 2025, 5:27 PM  
Subject: Riedel/WVU - Settlement Agreement  
To: Grunau Law <grunaulaw@gmail.com>

Dave,

Consistent with the Judge's Order late last week, attached again is the settlement agreement for your client to sign on or before 2-24-25. Please let your client know that the University will not sign Dr. Riedel's own personal, modified version of the Agreement with meaningful differences in the language compared to the agreement presented in April of 2024, as he surreptitiously attempted to present the University at their legal office in person yesterday. There simply is no further negotiation over the terms of the Settlement Agreement. The time for that has long passed. The Court has already granted the University's Motion to Enforce and with it, the relief it sought, so it expects execution of the Agreement Dr. Riedel has refused to sign.

In light of the foregoing, if Dr. Riedel does not sign *the attached Agreement* and return it no later than the end of Monday, February 24, 2025, we will immediately file a Motion with the Court, probably the next day, to advise of Dr. Riedel's noncompliance with the Court's February 14, 2025 Order, advise that he has shown up personally at the University's offices since the hearing making demands of them about settlement and leaving them unsettled, and seek that your client be held in Civil Contempt. When we do, we will request that the Court issue an Order to Show Cause which directs the U.S Marshals Service to arrest Dr. Riedel and hold him without bail until the contempt hearing, and to reiterate our request for fees and costs, and possibly other sanctions, all under Northern District Court Local Rule 4.01. Based on the Judge's expressed perspective at the February 13, 2025, hearing, we are confident the Court will promptly issue such an Order, so I hope your client knows his continued refusal to execute the Agreement we have proffered is very serious business.

Finally, please advise your client – once again – that unless the Court issues an order approving your withdrawal as counsel, you remain his legal representative in this case no matter what Dr. Riedel says, thinks, or wants. This is expressly covered by Northern District Court Local Rule 83.03 (and, for that matter, in Rule 4.03(b) of the West Virginia Trial Court Rules).

Mario

📎 **Confidential Settlement Agreement and Re(17429484.1).pdf**  
56K

## CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT

This **CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT** (**"Agreement"**) is made and entered into by and between the West Virginia University Board of Governors (**"WVUBOG"**) as the governing body of West Virginia University (**"WVU"**) and Heimo Riedel (**"Riedel"**) (collectively referred to herein as the **"Parties"**). This Agreement shall become effective upon the eighth (8th) day after it is executed by Riedel if such acceptance is not validly revoked (the **"Effective Date"**).

WHEREAS, Riedel commenced a civil action against the WVUBOG in the Circuit Court of Monongalia County, West Virginia, but later removed to the United States District Court for the Northen District of West Virginia and currently pending at Civil Action No. 1:22-CV-155, advancing claims for alleged age discrimination under the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq.* ("WVHRA") statutory and/or common law wrongful discharge, as well as claims for intentional infliction of emotional distress, negligence, abuse of process, and due process violations including a federal Section 1983 claim (the **"Litigation"**); and

WHEREAS, the WVUBOG denied all allegations of wrongdoing asserted against it by Riedel; and

WHEREAS, the Parties participated in court-ordered mediation on March 29, 2024; and

WHEREAS, the WVUBOG and its insurer agreed to resolve the Litigation for the purpose of avoiding the time, expense, disruption, and inconvenience associated with protracted litigation; and

WHEREAS, the Parties have reached an agreement to resolve and settle the Litigation, as well as any and all other claims of any nature that Riedel has, may have, or could have asserted against the WVUBOG and/or any of its respective current and former officers, directors, agents, employees, servants, representatives, affiliates, subsidiaries, related entities, successors, or assigns; and

WHEREAS, the Parties now desire to have a formal settlement agreement fully setting forth the terms of their agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the Parties as follows:

1. **Settlement Payment.** In consideration for this Agreement, the WVUBOG, via its insurer, shall pay Riedel a total gross amount of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00) (referred to as the **"Settlement Payment"**), as payment for non-economic damages, with no state or federal taxes withheld, for which an IRS Form 1099 will be issued for the 2025 tax year. This Settlement Payment shall be remitted via single check payable to "GRUNAU LAW OFFICES PLLC IOLTA." The WVUBOG's insurer shall issue a Form 1099-MISC to each of Riedel and Grunau Law

Offices PLLC for the full amount of the Settlement Payment.

    a. The Settlement Payment shall be issued within one (1) calendar week of the Effective Date of this Settlement Agreement, provided that all required tax documents from Riedel or his counsel necessary to effectuate the issuance of the Settlement Payment have also already been provided to the WVUBOG.

    b. The Parties agree that the allocation of the settlement proceeds as 1099 income is fair and appropriate. The Parties note that the applicable insurance policies contain the following exclusion: "This insurance does not apply to ... any claim(s) made against the insured for damages attributable to wages, salaries and benefits." In light of this exclusion, no amount has been designated as W-2 income, and no amount has been withheld for taxes. In making this settlement, the WVUBOG and its insurer expressly reserve the argument that the WVUBOG is immune from wage and benefit loss claims due such policy exclusion and the doctrine of sovereign immunity.

    c. Except as expressly set forth above, each Party shall bear its own fees and costs, including, but not limited to, their own attorney's fees. The Parties shall each pay 1/2 of the mediator's invoice.

    d. Riedel agrees that the settlement amount constitutes good and valuable consideration in addition to anything of value to which he is already entitled from the WVUBOG and serves as valid consideration to support the waiver and release and other obligations set forth in this Agreement.

    e. Riedel acknowledges that neither the WVUBOG nor its attorneys have conveyed any representations or advice to him regarding the tax consequences of any amounts or benefits received by him or his legal counsel pursuant to this Agreement. Riedel shall be solely and entirely responsible for timely reporting, paying, and discharging any federal, state, or local taxes that are required by law to be paid by him with respect to this Agreement and the amounts and benefits rendered thereunder. In the event that the WVUBOG is notified by any taxing authority that a portion of the Settlement Payment should have been allocated as W-2 income subject to withholding and payroll taxes, notwithstanding the insurance policy exclusion for wages, Riedel shall be notified by the WVUBOG within fifteen (15) business days in order to allow him to contest any such alleged obligation. If any taxing authority seeks to recover from the WVUBOG both its tax obligations and the tax obligation of Riedel regarding the Settlement Payment, then Riedel shall indemnify the WVUBOG for payment of his tax obligation and any related assessed interest and penalties thereon.

    2.    **General Release and Waiver of Claims.** In exchange for the consideration provided by the WVUBOG in this Agreement, Riedel, on behalf of himself and his heirs, executors, representatives, administrators, and agents (collectively the **"Releasors"**) irrevocably and unconditionally fully and forever waives, releases, and discharges the WVUBOG and all of its respective current and former board members, agents, employees, servants, representatives, affiliates, subsidiaries, related entities, contractors, successors, or assigns (collectively, the **"Releasees"**), from any and all claims, demands, actions, causes of actions, lawsuits, grievances, appeals, judgments, rights, fees, damages, debts, obligations, liabilities, costs, and expenses of any kind whatsoever, whether known or unknown

(collectively, "**Claims**"), that Releasors may have or have ever had against the Releasees, or any of them, arising out of, or in any way related to Riedel's employment, including his separation therefrom, by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time until the Effective Date, including, but not limited to:

(a) any and all claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), the Family and Medical Leave Act of 1993 (FMLA), the Equal Pay Act (EPA), the Employee Retirement Income Security Act (ERISA) (regarding unvested benefits), the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Fair Credit Reporting Act (FCRA), the National Labor Relations Act (NLRA), the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), the West Virginia Human Rights Act (WVHRA), the West Virginia Pregnant Workers' Fairness Act, the West Virginia Safer Workplace Act, the West Virginia Whistle- blower Law, the West Virginia Patient Safety Act, and the anti-discrimination provisions of the West Virginia Workers' Compensation Act (WCA), all including any amendments and their respective implementing regulations, and any other federal, state, or local laws (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

(b) any and all claims arising under tort, contract, or quasi-contract law, including, but not limited to, claims of assault, battery, negligence, breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, including claims under *Harless* and its progeny, constructive discharge, slander, libel, defamation, and negligent, intentional, or reckless infliction of emotional distress; and

(c) any and all claims for monetary or equitable relief including, but not limited to, attorneys' fees and costs, back pay, front pay, reinstatement, expert fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, interest, and penalties.

*Representations:* Riedel represents, warrants, and confirms that:

1. he has been properly and timely paid for all hours worked, including any overtime, and therefore, has no claim against the Releasees under state or federal wage-and-hour laws, including the Fair Labor Standards Act (FLSA) and the West Virginia Minimum Wage and Maximum Hour Law (WVMWMHL);

ii. he has been properly and timely paid all wages and fringe benefits, including his final wages and any fringe benefits payable upon separation, and therefore, has no claim against the Releasees under the West Virginia Wage Payment and Collection

Act (WPCA);

iii. he has not suffered any occupational injury, illness, or disease which may entitle him to receive workers' compensation benefits from the Releasees under the West Virginia Workers' Compensation Act; and

iv. no Medicare or Medicaid payments have been made to or on behalf of him, and no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any Claims that are released under this Agreement. Riedel further agrees that he, and not the Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

*Exclusion from Release and Waiver:* This general release and waiver of claims excludes, and Riedel does not waive, release, or discharge any right to file an administrative charge or complaint with, or testify, assist, or participate in an investigation, hearing, or proceeding conducted by the Equal Employment Opportunity Commission (EEOC) or other similar federal or state administrative agencies, although Riedel waives any right to monetary relief related to any filed charge or administrative complaint. Likewise, Riedel does not waive any rights or claims that may arise after the Effective Date of this Agreement.

3. **Knowing and Voluntary Acknowledgment.** Riedel specifically agrees and acknowledges that:

(a) he has had sufficient time to read and consider this Agreement in its entirety and fully understands all of its terms;

(b) he is hereby advised to consult with an attorney prior to executing this Agreement and is provided with the toll-free telephone number of the West Virginia State Bar Association (1-866-989-8227);

(c) he had the direct assistance of competent counsel of his choosing in entering into this Agreement;

(d) he knowingly, freely, and voluntarily assents to all of the terms and conditions set forth in the Agreement including, without limitation, the waiver, release, and covenants contained herein;

(e) he is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; and

(f) he was given at least twenty-one (21) calendar days to consider the terms of this Agreement, although he may voluntarily sign it sooner if desired;

(g) he is and releasing all rights and claims that may be released as a matter of law, including, but not limited to rights and claims arising under the West Virginia Human Rights Act (WVHRA) and the Age Discrimination in Employment Act

(ADEA); and

       (h)    he is not waiving or releasing rights or claims that may arise after the Effective Date of this Agreement.

**4. Dismissal of the Litigation. No Pending Actions; Covenant Not to Sue.** Riedel understands and acknowledges that, as a material term of this Agreement, the Litigation shall be dismissed with prejudice via submission of an agreed order of dismissal within three (3) business days of his counsel's receipt of the Settlement Payment. Riedel agrees and acknowledges that this Agreement does not require court approval in order to constitute a valid wavier and release. Riedel acknowledges that, by entering into this Agreement, the Litigation is over, and he waives the right to proceed with a trial or any appeal in the Litigation. Riedel represents, warrants, and confirms that besides the Litigation, he has no pending complaints, grievances, lawsuits, claims, or charges against any of the Releasees. Further, Riedel covenants that he shall not commence any action to pursue any of the Claims that have been released by this Agreement.

**5. Confidentiality.** Riedel represents, warrants, and confirms that, at no time prior to the date of him signing this Agreement, has he discussed or disclosed, either orally or in writing, the negotiations leading to this Agreement, the amount of the Settlement Payment provided in paragraph 1, or any other terms of this Agreement with any person or entity other than the mediator and his attorney. Riedel covenants that he will keep the terms of this Settlement Agreement, including the amount of the Settlement Payment and all other terms, strictly confidential, except that she may discuss the Agreement with his attorney, professional tax consultants retained by him, and financial professionals retained by him; *provided,* that he informs such individuals that information regarding this Agreement must be held in strict confidence and he agrees to be liable for any breach of confidentiality committed by them. Riedel agrees that neither she nor her attorney will publicize, reveal, disclose, publish on social media or elsewhere, or discuss this Agreement, including the amount of the Settlement Payment or any other term, with any third party. If asked about the Litigation, by the media or otherwise, Riedel agrees that he and her attorney are only permitted to state, "the matter has been resolved." Riedel agrees that neither he nor her attorney will incite, induce, or encourage any other person to make inquiries or requests of the Releasees about this Agreement or its terms. Riedel further recognizes and acknowledges that this confidentiality provision is a material term of this Agreement and that its violation will constitute a material breach. The WVUBOG shall maintain the terms of this Agreement as confidential except to the extent disclosure is required by law or necessary to conduct business; however, nothing shall prohibit agents, employees, and representatives of these Defendants from internally discussing this Agreement in the normal course of business.

**6. No Reinstatement, Reapplication, or Future Employment.** Riedel hereby acknowledges and agrees that his employment with the WVUBOG irrevocably ended. Riedel agrees that he is not entitled to reinstatement. Further, Riedel agrees that he shall not apply or seek future employment with WVUBOG/WVU or any of its affiliates, subsidiaries, related entities, successors, or assigns. Riedel agrees that, in the event he inadvertently applies for employment in violation of this Agreement, upon notification of the same, he shall

immediately withdraw his application, and any refusal to hire her shall not give rise to any liability. Likewise, Riedel agrees that, in event she receives any inquiries regarding potential employment opportunities with either of these Defendants, he shall decline any such opportunity. Further, Riedel acknowledges and agrees that he will not undertake volunteer opportunities to serve at WVU or apply for employment with any other entity to work at WVU.

7. **Non-Disparagement.** Riedel agrees and covenants that he will not at any time make, publish, or communicate to any person or entity or in any public forum or to the media any defamatory or maliciously disparaging remarks, comments, or statements concerning the Releasees in any manner whatsoever, either verbally or in writing, including via electronic communication and/or social media, as relating to the facts and circumstances around the separation of your employment from WVU or as relating to the existence and defense of the Litigation you brought against WVU.

8. **No Admission of Liability.** Nothing in this Agreement shall be construed to be an admission by the WVUBOG or any of the other Releasees of any wrongdoing, breach of duty, violation, or noncompliance with any federal, state, or local law, rule, ordinance, regulation, statute, contract, or public policy, whatsoever. The WVUBOG specifically disclaims and denies any wrongdoing or liability and maintains that it entered into this Agreement solely for the purpose of avoiding the time, expense, disruption, and inconvenience associated with protracted litigation.

9. **Successors and Assigns.** This Agreement shall inure to the benefit of the WVUBOG and its successors and assigns. Riedel shall not assign this Agreement in whole or in part.

10. **Governing Law, Jurisdiction, and Venue.** This Agreement is made and entered into in the State of West Virginia, and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of West Virginia without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in the state circuit court or federal district court located in or encompassing Monongalia County, West Virginia.

11. **Entire Agreement.** Unless specifically provided herein, this Agreement contains all of the understandings and representations between the WVUBOG and Riedel relating to the subject matter hereof and supersedes all prior and contemporaneous understandings, discussions, negotiations, agreements, representations, and warranties, both written and oral, regarding such subject matter.

12. **Modification and Waiver.** No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Riedel and the WVUBOG. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

**13. Severability.** If any provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, or enforceable only if modified, such finding shall not affect the validity of the remainder of this Agreement, which shall remain in full force and effect and continue to be binding on the Parties.

**14. Interpretation.** Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience, and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto as the author or drafter of the Agreement.

**15. Counterparts.** The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Riedel agrees to provide the WVUBOG with a fully executed and notarized original of this Agreement with his signature. Riedel agrees to accept delivery the executed signature pages of this Agreement by WVUBOG via electronic mail in portable document format (.pdf) intended to preserve the original graphic and pictorial appearance of the document.

REMAINDER OF THIS PAGE INTENTIONALLY BLANK

16. **Acknowledgment of Full Understanding.** RIEDEL ACKNOWLEDGES AND AGREES THAT HE HAS FULLY READ, UNDERSTANDS. AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. RIEDEL ACKNOWLEDGES AND AGREES THAT HE HAS HAD AN OPPORTUNITY TO CONSULT WITH A COMPETENT ATTORNEY OF HIS CHOOSING BEFORE SIGNING THIS AGREEMENT. RIEDEL FURTHER ACKNOWLEDGES THAT HIS SIGNATURE BELOW IS AN AGREEMENT TO RELEASE WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS AND ALL OF ITS RESPECTIVE CURRENT AND FORMER OFFICERS, DIRECTORS, AGENTS, EMPLOYEES, SERVANTS, REPRESENTATIVES, AFFILIATES, SUBSIDIARIES, RELATED ENTITIES, SUCCESSORS, OR ASSIGNS FROM ANY AND ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW, INCLUDING, BUT NOT LIMITED TO, CLAIMS UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT.

_____

**HEIMO RIEDEL**

STATE OF WEST VIRGINIA
COUNTY OF _____, TO-WIT:

  The foregoing *Confidential Settlement Agreement and General Release Agreement* was signed before me this _____ day of _____ 2025, by Heimo Riedel.

  My commission expires: _____.

_____
Notary Public

(NOTARIAL STAMP)

**WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS**

**SIGNATURE:** _____
**BY (printed name):** _____
**ITS (printed title):** _____

17442988.1